# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CANDICE ROSSI CHEOLAS and
STEVE CHEOLAS,

      Plaintiffs,

                                   Case No. 06-11885

v.                                    Hon. Gerald E. Rosen

CITY OF HARPER WOODS, *et al.*,

      Defendants.

_____/

## ORDER DENYING
## DEFENDANTS' MOTION TO STRIKE

      At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       July 5, 2006

      PRESENT: Honorable Gerald E. Rosen
                         United States District Judge

      Defendants filed the present motion on May 30, 2006, seeking an order either (i) striking Plaintiffs' complaint in light of this pleading's purported failure to comply with Federal Rules of Civil Procedure 8 and 10, or (ii) directing Plaintiffs to file an amended complaint which cures these purported violations. For the reasons set forth below, the Court finds no merit in Defendants' motion.

      Defendants point to four types of alleged defects in Plaintiffs' complaint. First, they complain that certain paragraphs include multiple allegations, in purported violation of the mandate in Fed. R. Civ. P. 10(b) that each paragraph "be limited as far as

practicable to a statement of a single set of circumstances." Yet, while the paragraphs in question include multiple sentences, each of these paragraphs is limited to a single incident or "set of circumstances," such as the contents of certain letters exchanged among the parties or the results of a court proceeding. The Court cannot discern any violation of Rule 10(b) in these paragraphs, nor do they pose any particular challenge to Defendants' ability to formulate suitable responses.[1]

Defendants next contend that one of the complaint's paragraphs includes "inappropriate colloquy," in the form of an assertion that certain charges against Plaintiff Steve Cheolas were dismissed "after much prodding by defense attorney Albert Addis." (Complaint at ¶ 7.) To the extent that this allegation could be construed as straying beyond bare fact and into the realm of argument, the Court does not view this isolated statement as warranting the relief sought by Defendants.[2] Similarly, while Defendants protest that certain of the complaint's allegations are inappropriately highlighted and/or underlined, the Court views this as an insufficient ground for striking the complaint.[3]

---

[1] Notably, two of the Defendants in this action have successfully prepared and filed an answer to the complaint, despite the purported defects identified in the present motion.

[2] Indeed, if the Court were to strike Plaintiffs' complaint on the basis of this purported violation, there would scarcely be a pleading filed with the Court that could not be challenged on a similar ground. Much as the Court might prefer that attorneys limit their rhetorical flourishes in their submissions, the Court's experience suggests that such argumentation is the rule rather than the exception.

[3] In their response to Defendants' motion, Plaintiffs have offered to file an amended complaint in which they remove any highlighting or underlining. The Court deems this unnecessary at this juncture, but will revisit the matter as necessary if the case should go to trial and the complaint is offered as an exhibit to be presented to the jury.

Finally, Defendants contend that certain of the complaint's allegations are duplicative. As Plaintiffs point out, however, they are required to be fairly detailed and specific in their allegations, as some of their claims, at least, sound in whole or in part in fraud. See Fed. R. Civ. P. 9(b). In any event, the Court again concludes that any shortfalls in the conciseness or artfulness of Plaintiff's allegations do not pose any particular difficulty to Defendants' formulation of appropriate responses. Accordingly, it is not necessary to strike Plaintiffs' complaint or order the filing of an amended complaint to cure any such minor deficiencies in pleading.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' May 30, 2006 motion to strike is DENIED.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: July 5, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 5, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager