**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CANDICE ROSSI CHEOLAS
and STEVE CHEOLAS

        Plaintiffs,

vs.

THE CITY OF HARPER WOODS, et al

        Defendants.
_____/

CIVIL CASE NO.  06-11885

HONORABLE GERALD E. ROSEN
HONORABLE STEVEN D. PEPE

## ORDER GRANTING IN PART PLAINTIFFS' MOTION TO STRIKE AND FOR FED. R. CIV P. 11 SANCTIONS (Dkt. #16)

Plaintiffs' motion to strike Defendants'[1] Answer and for Rule 11 sanctions was referred to the undersigned for hearing and determination.  Prior to the hearing on this motion Defendants filed a Second Amended Answer which Plaintiffs agreed addressed their substantive disputes with the previously filed pleadings.  At the telephonic hearing counsel for the parties were heard on the issue of Fed. R. Civ. P. 11 (Rule 11) sanctions.  For the reasons stated on the record and below, IT IS ORDERED that Plaintiffs' motion is GRANTED IN PART – Defendants' pleadings shall not be stricken, and Plaintiffs' shall be awarded Rule 11 sanctions.

---

[1] The Defendants relevant to this motion are: Harper Woods, City of, Harper Woods Police Department, David Emmendorfer, Thomas Teatsorth, Gerald Firlik, Thomas Silva, William Snider, David Sheill, James E. Leidlein, Russell LaBarge, Sharon DeWaele, Merico Foleta, Patrick Rollison and Kenneth Kogelmann.

The timeline in this matter is as follows:

| | |
|---|---|
| Service of Summons and Complaint | May 4, 2006 |
| Defendants File an Appearance | May 11, 2006 |
| Stipulated Extension of Time for Responsive Pleadings until June 1, 2006 | May 11, 2006 |
| Defendants' Motion to Strike Complaint | May 30, 2006 |
| Motion to Strike Denied | July 5, 2006 |
| Defendants' Answer (See Dkt. # 12) | July 10, 2006 |
| Plaintiff's Letter to Defense Counsel Regarding Alleged Non-Compliance of Answer with Rule 8 and 11 | July 28, 2006 |
| Defendants Served with Plaintiffs' Motion to Strike Answer and for Rule 11 Sanctions[2] | September 1, 2006 |
| Motion to Strike Answer and for Sanctions Filed with Court | September 28, 2006 |
| Defendants' Amended Answer Containing 19 Substantive Changes (See Dkt. # 18.) | October 6, 2006 |
| Scheduling Order Setting November 16 Hearing | October 20, 2006 |
| Parties Confer Regarding Unresolved Issues | November 3, 2006 |
| Defendants' Second Amended Answer Containing an Additional 25 Changes (*See* Dkt. # 23) | November 9, 2006 |

Rule 11 provides that a party; in presenting a pleading, motion or other paper to the court, makes a representation

---

[2] There is no Certificate of Service clearly establishing that the motion was served on this date, but Defendants' counsel agreed at the hearing that this point was not contested.

that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11 (b).

With regard to pleading denials Federal Rule of Civil Procedure 8 provides:

**(b) Defenses; Form of Denials.** A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, the pleader shall specify so much of it as is true and material and shall deny only the remainder. Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, the pleader may make denials as specific denials of designated averments or paragraphs or may generally deny all the averments except such designated averments or paragraphs as the pleader expressly admits; but, when the pleader does so intend to controvert all its averments, including averments of the grounds upon which the court's jurisdiction depends, the pleader may do so by general denial subject to the obligations set forth in Rule 11.

Fed. R. Civ. P. 8.

There were 19 full or qualified denials made by Defendants in their Answer that were subsequently changed to full or qualified admissions or changed to address specific portions of

the allegation in the Complaint in their Amended Answer (Dkt. # 18).  Further, there were 25 full or qualified denials that remained in the Amended Answer and were similarly subsequently changed in the Second Amended Answer (*See* Dkt. # 23).  In fact, several of these examples had to do with allegations regarding actions taken by or the content of documents created by Defendants – information clearly within the Defendants knowledge.  Therefore, Defendants presented pleadings to this Court that, in violation of Rule 11, contained denials of factual contentions that were not warranted on the evidence or, reasonably based on a lack of information or belief.

  The imposition of sanctions under Rule 11 is committed to the trial court's discretion.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 [ ] (1990).  "That discretion is not, however, completely unfettered.  First, where a court has decided that a pleading has been signed in violation of Rule 11, the court must impose a sanction.  Second, . . . the amount of the sanction must be reasonable.  *INVST Financial Group, Inc. v. Chem-Nuclear Systems*, Inc., 815 F.2d 391, 404 (6th Cir.1987)."  *Bodenhamer Bldg. Corp. v. Architectural Research Corp.*, 989 F.2d 213, 217-218 (6th Cir. 1993).

  Defendants argue that sanctions should not be awarded because (a.) reasonable inquiry was made in formulating answers to the complaint, (b.) their counsel made good faith efforts to rectify the improperly pled portions as evidenced by the amended pleadings and (c.) the number of Defendants involved, the fact that many are located out-of-state and the technical nature of Plaintiffs' complaint contributed to any errors made.  Yet, when defendants deny or qualify their admissions to allegations in a plaintiff's complaint known by the defendant (if not his counsel) to be true, it is undeniable that a plaintiff's expenditures in seeking proper responses could have

4

been avoided if the defendants had answered the complaint truthfully. *Id.* Though the court acknowledges that there may have been difficulties in obtaining answers from the various defendants, this cannot serve as an excuse for filing a pleading which purports to represent the truth when such is not the case.  Further, Defendants could have moved the court for additional time to file an answer or clarification of the complaint to rectify this situation.  Therefore, Rule 11 sanctions must be awarded.

Rule 11 authorizes the award of "reasonable expenses incurred because of the filing of" offensive pleadings. *Bodenhamer Bldg. Corp. v. Architectural Research Corp.,* 873 F.2d 109, 114 (6th Cir. 1989).  Accordingly, before an award of attorneys' fees may be made under the rule, it must be shown what costs Plaintiffs incurred *because of* the filing of Defendants' improper pleading. *Rathbun v. Warren City Schools (In re Ruben)*, 825 F.2d 977, 990 (6th Cir.1987) (quoting *Browning Debenture Holders' Committee v. DASA Corp.*, 560 F.2d 1078, 1089 (2d Cir.1977)).

Therefore, IT IS ORDERED that:

(A.)    Plaintiffs shall file an itemized bill of costs, on or before January 22, 2007, indicating the costs incurred because of the insufficiency of Defendants' Answer;  and

(B.)    Defendants may file objections to the bill on or before January 29, 2007.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).

Dated: January 8,  2007                                         s/Steven D. Pepe
Ann Arbor, Michigan                                             United States Magistrate Judge


CERTIFICATE OF SERVICE

       I hereby certify that on <u>January 8, 2007</u>, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: <u>John J. Gillooly, Timothy S. Groustra, Robert M. John</u>, and I hereby certify that I have mailed United States Postal Service the paper to the following non-ECF participants: <u>Albert B. Addis, Carl T. Rashid, 10 S. Main St., Ste. 307, Mt.Clemens, MI 48043-7903</u>

                                                       <u>s/ James P. Peltier</u>
                                                       James P. Peltier
                                                       Courtroom Deputy Clerk
                                                       U.S. District Court
                                                       600 Church St.
                                                       Flint, MI 48502
                                                       810-341-7850
                                                       pete_peliter@mied.uscourts.gov