UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CANDICE ROSSI CHEOLAS and
STEVE CHEOLAS,

       Plaintiffs,

                                        Case No. 06-11885
v.                                             Hon. Gerald E. Rosen

CITY OF HARPER WOODS, *et al.*,

       Defendants.

_____/

## ORDER REGARDING DEFENDANTS' MOTION FOR COSTS AND ATTORNEYS FEES

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       December 1, 2009

PRESENT:  Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

By opinion and order dated September 29, 2009, the Court granted summary judgment in Defendants' favor on Plaintiffs' federal claims, and dismissed without prejudice Plaintiffs' remaining state-law claims. Through the present motion filed on October 12, 2009, the Defendant City of Harper Woods and the individual Defendant employees and agents of the Defendant City seek an award of over $230,000 in attorney fees and over $10,000 in costs, citing their status as "prevailing part[ies]" within the meaning of 42 U.S.C. § 1988(b). For the reasons set forth briefly below, the Court finds that an award of attorney fees is not warranted in this case, but concludes that

Defendants' request for costs should be referred to the Clerk of the Court for an initial assessment under the usual standards that govern such a request.

Turning first to Defendants' request for attorney fees, the Court is authorized to award "a reasonable attorney's fee" to a "prevailing party" in a suit involving claims brought under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1988(b). The Supreme Court has cautioned, however, that "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S. Ct. 694, 701 (1978). In light of this ruling, the Sixth Circuit has instructed that "[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Jones v. Continental Corp.,* 789 F.2d 1225, 1232 (6th Cir. 1986).

Applying these standards here, the Court finds no basis for concluding that Plaintiffs' federal claims were "frivolous, unreasonable, or groundless, or that [Plaintiffs] continued to litigate after [they] clearly became so." First, it cannot be said that these claims were frivolous or groundless from the inception of this suit, as the Court made no such finding, nor did Defendants invite the Court to do so through a motion to dismiss filed at the outset of the litigation. *See Alkhateeb v. Charter Township of Waterford,* No. 02-73742, 2008 WL 892660, at *3 (E.D. Mich. Mar. 31, 2008) (citing the defendants' failure to move for dismissal at the outset of the case as a factor in denying an award of attorney fees). Rather, with the exception of the two Defendant attorneys, the parties

2

engaged in extensive discovery before the remaining Defendants deemed it appropriate to seek an award of summary judgment in their favor. Even as to the two Defendant attorneys who filed such a motion while discovery remained ongoing, although the Court ultimately determined that these Defendants were entitled to absolute prosecutorial immunity, it is evident from the Court's opinion that at least some of the questions involved in this immunity inquiry were somewhat close and debatable.[1] Consequently, the Court cannot say that Plaintiffs' federal claims against these and the remaining Harper Woods Defendants were frivolous, unreasonable, or groundless from the very outset of this case.

This leaves only the question whether Plaintiffs continued to litigate after it became clear that their federal claims were frivolous or groundless. Again, while the Court ultimately determined that Defendants were entitled to summary judgment in their favor on these claims, the Court's 65-page ruling stands as a testament to the fact that these claims were not readily resolved, as would be the case if they were wholly frivolous or without merit. To the contrary, Plaintiffs' federal claims implicated difficult questions of federal law, and turned on fact-intensive issues such as the exigent circumstances exception to the warrant requirement and the question whether there was probable cause to bring criminal charges against Plaintiffs.

---

[1]In addition, the Court noted in this opinion that it was able to consult the record generated through a complete course of discovery by the time it decided the Defendant attorneys' motion. (*See* 2/13/2009 Op. at 14 n.6.)

3

Only after extensive and careful review of the voluminous record could the Court say that there were no genuine issues of material fact, and that Defendants were entitled to judgment in their favor as a matter of law. Under comparable circumstances, the Sixth Circuit found that a district court should not have awarded attorney fees to a prevailing defendant, explaining that the entry of summary judgment against a plaintiff does not "necessarily support the conclusion that the plaintiff's claims were frivolous, unreasonable, or groundless." *Riddle v. Egensperger,* 266 F.3d 542, 551 (6th Cir. 2001). In addition, Plaintiffs correctly observe that, in contrast to this Court's ruling, a state court judge determined following a full criminal trial that the Defendant police officers' entry into Plaintiffs' home was not lawful. While this Court ultimately concluded otherwise, Plaintiffs surely were entitled to rely on this favorable state court ruling as an indication that their claims in this case were not frivolous, unreasonable, or groundless, and that they did not become so under a discovery record comparable to that presented to the state court judge. Accordingly, the Court finds that Defendants have not satisfied the stringent standards for an award of attorney fees to a prevailing defendant in a civil rights action.

Finally, as to the question of costs, Plaintiffs argue that Defendants' request for costs should be denied, noting that the Court has the discretion to deny costs under Fed. R. Civ. P. 54(d)(1). *See White & White, Inc. v. American Hospital Supply Corp.,* 786 F.2d 728, 730 (6th Cir. 1986). Yet, the Supreme Court has observed that "costs are usually assessed against the losing party," and that "liability for costs is a normal incident of defeat." *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S. Ct. 1146, 1150

(1981). Similarly, the Sixth Circuit has recognized a "presumption in favor of awarding costs," and has explained that costs should be denied only "where, although a litigant was the successful party, it would be inequitable *under all the circumstances in the case* to put the burden of costs upon the losing party." *White & White,* 786 F.2d at 730 (internal quotation marks and citation omitted) (emphasis in original).

Plaintiffs have not identified any circumstances in this case that would overcome the presumption in favor of an award of costs. While Plaintiffs' claims were not frivolous or groundless, neither can it be said that this case was especially "close and difficult," *White & White,* 786 F.2d at 730 (internal quotation marks and citation omitted), where the claims were amenable to resolution by summary judgment. Moreover, the Court does not view the costs requested by Defendants as "unreasonably large" or the product of conduct that "unnecessarily prolong[ed]" the proceedings. 786 F.2d at 730 (internal quotation marks and citations omitted). Finally, to the extent that Plaintiffs contend that certain of the costs requested by Defendants are not recoverable, the Court finds that this matter is better left for the Clerk of the Court to address in the first instance, with either party then free to file a motion seeking the Court's review of the Clerk's action. *See* Fed. R. Civ. P. 54(d)(1). Accordingly, as set forth below, Defendants are directed to submit a bill of costs to the Clerk of the Court in accordance with the usual procedures for seeking such an award of costs. *See* Local Rule 54.1, Eastern District of Michigan.[2]

---

[2]Plaintiffs contend that any award of costs should be offset by the Magistrate Judge's March 7, 2007 award of $4,005 in Rule 11 sanctions, which evidently has yet to be paid.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' October 12, 2009 motion for costs and attorneys fees (docket #144) is GRANTED IN PART and DENIED IN PART, in accordance with the rulings in this order.  Specifically, Defendants' request for an award of attorney fees is denied, but they are entitled to recover their costs through an appropriate submission to the Clerk of the Court within *five (5) days* of the date of this order.  Once the Clerk of the Court has acted on this

---

Defendants, however, point out that they lodged objections to this award of sanctions.  Although the Court inadvertently failed to address these objections at the time, it has now reviewed Defendants' objections and finds that they should be overruled.  The Magistrate Judge's award reflects a significant reduction from the $6,045 award initially sought by Plaintiffs, with the Magistrate Judge specifically identifying the items deemed to be redundant, excessive, or unsupported.  (*See* 3/7/2007 Order at 2.)  Having reviewed the record, the Court finds that the reduced award of $4,005 appropriately reflects the expenses reasonably incurred by Plaintiffs as a result of Defendants' Rule 11 violation.  Accordingly, Defendants are directed to promptly pay this amount to Plaintiffs.

submission, either party may file a motion within *five (5) days* after the Clerk's taxation of costs seeking review of this action.

 SO ORDERED.

    s/Gerald E. Rosen
    Chief Judge, United States District Court

Dated:  December 1, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 1, 2009, by electronic and/or ordinary mail.

    s/Ruth Brissaud
    Case Manager